IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

TOMMY BRIGGS,

    Plaintiff,

v.                               CIVIL NO.: WDQ-10-2714

T&D PLUMBING AND HEATING CO., INC.,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Tommy Briggs sued T&D Plumbing and Heating Co., Inc. ("T&D") for race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),[1] § 1981 of the Civil Rights Act of 1866 ("§ 1981"), 42 U.S.C. § 1983, the Equal Pay Act of 1963 (the "EPA"),[2] and the Maryland Human Relations Act (the "MHRA").[3] For the following reasons, Briggs's motion to permit discovery to commence will be denied, his motion for extension of time will be granted in part and denied in part, and T&D's motion for a protective order will be granted.

---

[1] 42 U.S.C. §§ 2000e et seq.

[2] 29 U.S.C. § 206(d).

[3] Md. Code Ann. art. 49B.

I.   Background[4]

Briggs is African-American. *See* Mot. to Dismiss, Ex. 1 [hereinafter Discrimination Charge]. T&D is a "small" Maryland plumbing and heating company. DiAngelo Aff. ¶ 2.

In March 2003, T&D hired Briggs as a plumber. Discrimination Charge; Compl. ¶ 1. At T&D, Briggs was called racial slurs and paid less than his Caucasian co-workers. *Id.* ¶¶ 2-3. After complaining to his supervisor about this discrimination, Briggs was fired in retaliation on March 18, 2008. *Id.* ¶¶ 5-6; Discrimination Charge.

On April 10, 2008, Briggs filed a discrimination charge with the Equal Employment Opportunity Commission (the "EEOC"), noting only race discrimination. On May 17, 2010, the EEOC issued a right-to-sue notice. ECF No. 9 at 1.

On July 21, 2010, Briggs sued T&D in the Circuit Court for Baltimore City under Title VII, § 1981, § 1983, the EPA, and the MHRA. *See* Compl. 1; ECF No. 1. On September 7, 2010, Briggs served discovery requests on T&D. *See* ECF No. 16 at 1; ECF No. 20, Ex. 1. Briggs sought, *inter alia*, "payroll records for each employee [over] the past [five] years," and "all documents relating to" discrimination charges against T&D. *Id.* ¶¶ 2, 11.

---

[4] For the pending motions, which procedurally relate to T&D's motion to dismiss, the well-pled allegations in the complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

On September 30, 2010, T&D removed the case to this Court. ECF No. 1.

On October 7, 2010, T&D moved to dismiss for failure to: (1) state a claim,[5] and (2) exhaust administrative remedies under Title VII.[6] Mot. to Dismiss 5-11. Briggs's opposition was due October 25, 2010. See Local Rule 105.2.a.

On October 26, 2010, Briggs moved for an extension until December 9, 2010 to file an opposition, so that he could "secure a copy of [his EEOC] file." ECF No. 9. On November 4, 2010, the Court granted the extension. ECF No. 11. Briggs missed that deadline. On December 13, 2010, T&D asked the Court to dismiss Briggs's complaint because of his failure to file an opposition. ECF No. 12.

On December 15, 2010, Briggs moved for "30 days from the date that he receives [his EEOC file] to respond to [the] motion to dismiss." ECF No. 13. On December 20, 2010, T&D opposed an extension. ECF No. 15.

---

[5] In moving to dismiss all claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, T&D asserts that Briggs's Title VII and § 1981 claims do not establish a *prima facie* case; his § 1983 claim does not allege that T&D acted under the color of state law; the EPA claim is untimely and does not apply to race discrimination; and his MHRA claim is untimely and does not allege that T&D is an "employer" as defined by that statute. Mot. to Dismiss 5-11.

[6] In moving to dismiss Briggs's Title VII retaliation claim under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, T&D asserts that Briggs's EEOC Discrimination Charge does not include retaliation. Mot. to Dismiss 9.

On January 7, 2011, Briggs moved to "permit discovery to commence." ECF No. 16. On January 24, 2011, counsel for the parties "held a telephone conference to discuss resolution of . . . discovery issues[,] and were unable to do so." ECF No. 17 at 7. That day, T&D opposed Briggs's January 7, 2011 motion and moved for a protective order to stay discovery pending the outcome of the motion to dismiss and issuance of a scheduling order. *Id.* at 1-7.

On January 31, 2011, Briggs opposed T&D's motion for a protective order. ECF No. 19. On February 17, 2011, T&D filed its reply. ECF No. 20. On March 2, 2011, Briggs moved to file a surreply. ECF No. 22. On March 9, 2011, T&D opposed that motion. ECF No. 23.

II. Analysis

A. Briggs's Motion to Permit Discovery to Commence

Briggs moves the Court to order T&D to answer his discovery requests; he argues that he cannot oppose the motion to dismiss without T&D's answers. ECF No. 16 at 1; ECF No. 19 at 1. T&D asserts that discovery at this stage is unnecessary and premature. ECF No. 17 at 6.

Unless otherwise ordered by the Court, discovery may not begin until the parties have held a discovery conference and a

scheduling order has been issued.[7] No conference has been held, and the Court has not entered a scheduling order.[8] Further, Briggs has not explained how discovery would help him oppose T&D's motion to dismiss. T&D has attacked Briggs's complaint for failure to state a claim and exhaust Title VII administrative remedies;[9] discovery is premature.[10] Accordingly, Briggs's motion to permit discovery to commence will be denied.

---

[7] Fed. R. Civ. P. 26(f) (the parties must hold a conference to "develop a proposed discovery plan"); Fed. R. Civ. P. 26(d)(1) (a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," subject to certain inapplicable exceptions); Local Rule 104.4 ("Unless otherwise ordered by the Court . . . discovery shall not commence . . . until a scheduling order is entered.").

[8] See, e.g., Madison v. Harford Cnty., 268 F.R.D. 563, 564-65 (D. Md. 2010) (denying plaintiffs' motion to compel discovery; their "discovery efforts [were] premature" because no discovery conference had occurred, and no scheduling order had been entered (citing Fed. R. Civ. P. 26(d)(1), 26(f); Local Rule 104.4)).

[9] See supra p. 3 nn.4-5.

[10] See, e.g., Rankin v. Mattamy Homes Corp., No. 1:10CV117, 2010 WL 3394036, at *3 (M.D.N.C. Aug. 26, 2010) (rejecting plaintiff's argument that she needed "the full facts . . . developed through discovery" before she could oppose the defendants' motion to dismiss; this was a "misunderstand[ing]" of the purpose of a motion to dismiss for failure to state a claim, which attacks the sufficiency of the complaint's allegations (citing Francis v. Giacomelli, 588 F.3d 186 (4th Cir. 2009))); Perry v. FTData, Inc., 198 F. Supp. 2d 699, 705 (D. Md. 2002) (analyzing failure to exhaust administrative remedies at the motion to dismiss stage and noting that the Court would "revisit [the exhaustion] issue on a motion for summary judgment" after "discovery [had] commenced").

B. T&D's Motion for a Protective Order

T&D moves for a protective order staying discovery until the Court rules on its motion to dismiss and issues a scheduling order. ECF No. 17 at 4. Briggs argues that T&D is acting in bad faith to "stonewall" discovery, and a protective order is unwarranted unless T&D is "able to demonstrate any undue hardship." ECF No. 19 at 1.

Under Fed. R. Civ. P. 26(c):

> [A]ny person from whom discovery is sought may move for a protective order. . . . The motion must include a certification that the movant has in good faith conferred . . . with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery.

Rule 26(c) "confers broad discretion on the trial court" to decide whether a protective order is appropriate. *Furlow v. United States*, 55 F. Supp. 2d 360, 366 (D. Md. 1999). A court may grant a protective order to stay discovery "pending determination of a dispositive motion." *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202-03 (D. Md. 2006).[11]

As T&D notes, engaging in discovery now would cause undue burden and expense; T&D would bear the costs of investigating

---

[11] *See also Thompson v. Dorsey*, No. ELH-10-1364, 2011 WL 2416631, at *1 (D. Md. June 9, 2011) (issuing a protective order staying discovery "until . . . the Court rules on [the defendant's] motion to dismiss").

issues that may be rendered moot by the decision on the motion to dismiss. ECF No. 17 at 4. Briggs requests, for example, five years of T&D's payroll records, and "all documents" regarding discrimination charges against T&D. ECF No. 20, Ex. 1 ¶¶ 2, 11. T&D's owner and president has testified that T&D is a "small" company, and answering Briggs's discovery requests would require its "limited staff" to gather and categorize records that are difficult to access and "[un]formatted for production." DiAngelo Aff. ¶¶ 2-3.

There is no indication that T&D has acted in bad faith. In her Rule 26(c) certificate, T&D's counsel "declares that she has in good faith conferred [with counsel for Briggs] in an effort to resolve this [discovery] dispute." ECF No. 17 at 7. Before T&D moved for a protective order, counsel for the parties unsuccessfully attempted to "resol[ve these] discovery issues" over the telephone. Id.

T&D's motion for a protective order staying discovery until the Court decides the motion to dismiss and enters a scheduling order will be granted.[12]

---

[12] Briggs's motion to file a surreply, which includes the proposed surreply, repeats his argument--again without elaboration--that discovery is necessary to oppose T&D's motion to dismiss. ECF No. 22 & Ex. 2. As explained in Part II.A-B, Briggs has not explained how premature discovery would help him oppose T&D's motion attacking the legal sufficiency of his allegations. His motion to file a surreply will be denied.

C. Briggs's Motion for Extension of Time

Briggs requests "30 days from the date that he receives [his EEOC file] to respond to [the] motion to dismiss," ECF No. 13, which T&D opposes, ECF No. 15.

Briggs has not indicated how the information in his EEOC file would be relevant to T&D's legal challenges to his complaint. Further, Briggs's opposition to the motion to dismiss was due October 25, 2010, and, after the first extension, December 9, 2010. See ECF No. 11. To allow another, indefinite extension would risk undue delay.[13]

Accordingly, Briggs's motion for extension of time will be granted in part and denied in part. Briggs will have 15 days from the date of the accompanying Order to file a response to T&D's motion to dismiss. If Briggs misses this deadline, his complaint will be dismissed with prejudice.[14]

---

[13] See, e.g., Bethesda Softworks LLC v. Interplay Entm't Corp., No. DKC-09-2357, 2011 WL 1559308, at *5 (D. Md. Apr. 25, 2011) (prohibiting "[i]ndefinite delay [and] disruption of deadlines").

[14] See, e.g., Lulac Councils 4433 & 4436 v. City of Galveston, 942 F. Supp. 342, 344, 346-47 (S.D. Tex. 1996) (dismissing plaintiffs' claims with prejudice for failure to timely oppose the defendant's motion to dismiss).

III. Conclusion

For the reasons stated above, Briggs's motion to permit discovery to commence will be denied, his motion for extension of time will be granted in part and denied in part, and T&D's motion for a protective order will be granted.

| | |
|---|---|
| \_\_7/18/11_____ | _____/s/_____ |
| Date | William D. Quarles, Jr.<br>United States District Judge |