IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

TOMMY BRIGGS,

    Plaintiff,

    v.                      CIVIL NO.: WDQ-10-2714

T&D PLUMBING AND HEATING CO.,
INC.,

    Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Tommy Briggs sued T&D Plumbing and Heating Co., Inc. ("T&D") for race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),[1] § 1981 of the Civil Rights Act of 1866 ("§ 1981"), 42 U.S.C. § 1983, the Maryland Human Relations Act (the "MHRA"),[2] and the Equal Pay Act of 1963 (the "EPA").[3] For the following reasons, T&D's motion to dismiss will be granted in part and denied in part.

---

[1] 42 U.S.C. §§ 2000e et seq.

[2] Md. Code Ann., State Gov't §§ 20-1001 et seq. (formerly Md. Code Ann. Art. 49B).

[3] 29 U.S.C. § 206(d).

I.  Background[4]

Briggs is African-American. See Def.'s Mot. to Dismiss, Ex. 1 [hereinafter Discrimination Charge]. T&D is a "small" Maryland plumbing and heating company. DiAngelo Aff. ¶ 2.

In March 2003, T&D hired Briggs as a plumber. Discrimination Charge; Pl.'s Compl. ¶ 1. At T&D, Briggs was called racial slurs and paid less than his Caucasian co-workers. Compl. ¶¶ 2-3. After complaining to his supervisor, Mr. Grims, about this discrimination, Briggs was fired in retaliation on March 18, 2008. See Compl. ¶¶ 5-6; Discrimination Charge.

On April 10, 2008, Briggs filed a discrimination charge with the Equal Employment Opportunity Commission (the "EEOC"), noting only race discrimination as the basis for his charge. Discrimination Charge. The charge alleged "harassment, a hostile work environment, unequal wages, and lay off because of [Briggs's] race." Id. On May 17, 2010, the EEOC issued a right-to-sue notice. ECF No. 9 at 1.

On July 21, 2010, Briggs sued T&D in the Circuit Court for Baltimore City, alleging race discrimination and retaliation in violation of Title VII, § 1981, § 1983, the EPA, and the MHRA.

---

[4] For T&D's motion to dismiss, the well-pled allegations in Briggs's complaint are accepted as true. See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

*See* Compl. 1; ECF No. 1. On September 30, 2010, T&D removed the case to this Court. *Id.*

On October 7, 2010, T&D moved to dismiss. On July 21, 2011, Briggs opposed that motion. ECF No. 26. On August 4, 2011, T&D filed its reply. ECF No. 27.

II. Analysis

  A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).

Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with' a defendant's liability"; the facts as pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 1950 (*quoting* Fed. R. Civ. P. 8(a)(2)).

"[W]he[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief." *Id.* (citation and internal quotation marks omitted).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted).

B. T&D's Motion to Dismiss

Without elaboration, Briggs alleges that T&D violated § 1983, the MHRA, Title VII, and § 1981 by subjecting him to racial slurs, paying him less than his Caucasian co-workers, and firing him after he complained about this discrimination. Compl. ¶¶ 1-8, 13. T&D moves to dismiss all claims for failure to state a claim. Mot. to Dismiss 5-11.

1. § 1983

In moving to dismiss Briggs's § 1983 claim, T&D argues that Briggs has not alleged that T&D acted under the color of state law. Mot. to Dismiss 5-6. In response, Briggs asserts that T&D is subject to § 1983 because T&D carried out "some act ordinarily reserved to the state," is subject to state regulation, and performed contracts for the State of Maryland. Resp. in Opp'n 4-5.

Recovery under § 1983 requires the plaintiff to show that the defendant acted "under color of law."[5] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970), *overruled on other grounds by Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). No bright

---

[5] "State action" is often used interchangeably with "under color of law" because "[i]f a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action 'under color of state law' for § 1983 purposes." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 n.2 (2001) (*citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982)).

line test exists; rather, the plaintiff must show "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood*, 531 U.S. at 295. Such a nexus exists when a private entity exercises powers "traditionally exclusively reserved to the State." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974). Exclusivity is essential.[6] Thus, state action exists when private actors conduct state-regulated elections,[7] operate a company town,[8] or manage a municipal park.[9] By contrast, "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State." *Jackson*, 419 U.S. at 350. Nor does "significant or even total engagement in performing public contracts" convert

---

[6] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 158 (1978) ("many functions have been traditionally performed by governments," but "very few have been 'exclusively reserved to the State'").

[7] *See, e.g., Terry v. Adams*, 345 U.S. 461, 484 (1953) (Clark, J., concurring) (when a state delegates an aspect of its electoral process to a private group, "that organization itself . . . takes on those attributes of government which draw the Constitution's safeguards into play").

[8] *Marsh v. Alabama*, 326 U.S. 501, 507-08 (1946) (because a company owned and performed all necessary municipal functions for a town, the company's regulation of speech and religious exercise in the town constituted state action).

[9] *Evans v. Newton*, 382 U.S. 296, 301-02 (1966) (private trustees of a municipal park are state actors because "[m]ass recreation through the use of parks is plainly in the public domain").

6

the acts of a private company into state action. *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982).

Briggs has failed to allege state action. Although he asserts that T&D carried out "some act ordinarily reserved to the state," he has not identified that act. Resp. in Opp'n 4. Assuming that the act is providing plumbing and heating services, that act is not one "traditionally exclusively reserved to the State," such as administering elections, operating a company town, or managing a municipal park. Similarly, state action does not exist simply because T&D is subject to state regulation or performs public contracts for the State of Maryland. *See Jackson*, 419 U.S. at 350; *Rendell-Baker*, 457 U.S. at 841. Thus, T&D's motion to dismiss the § 1983 claim must be granted.

2. The MHRA

In moving to dismiss the MHRA claim, T&D argues that it is barred by the MHRA's limitations period because Briggs did not sue until more than two years after the last possible unlawful employment practice--his termination. Mot. to Dismiss 6-7.[10] In response, Briggs asserts that the limitations period does not

---

[10] T&D also argues that Briggs failed to allege that T&D is an "employer" as defined under the statute because he did not specifically assert that T&D employs 15 or more employees. Mot. to Dismiss at 7. This argument need not be discussed; as will be explained in this Part, Briggs failed to timely sue under the MHRA.

7

run during the administrative proceedings process.[11] Resp. in Opp'n 3.

The MHRA prohibits employers who have 15 or more employees from discriminating against employees based on race. Md. Code. Ann., State Gov't §§ 20-601, 20-606. A person may sue for employment discrimination under the statute if: (1) he filed an administrative charge under federal, state, or local law, (2) at least 180 days have elapsed since that filing, and (3) he sues within two years after the "alleged unlawful employment practice." Md. Code. Ann, State Gov't *Id.* § 20-1013. The statute does not bar individuals from suing before exhausting the administrative process.[12]

Briggs has failed to timely sue under the MHRA. T&D's last unlawful employment practice was firing Briggs on March 18, 2008. *See* Discrimination Charge. Briggs did not sue until July

---

[11] Briggs makes this argument without specifying to which claim he refers. *See* Resp. in Opp'n 3. The Court assumes that Briggs refers to the MHRA, which requires litigants to file an administrative charge before suing. Md. Code Ann., State Gov't § 20-1013(a)(1).

[12] By contrast, a plaintiff cannot sue under Title VII in federal court until "receipt of, or at least entitlement to, a right-to-sue letter." *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 140 (4th Cir. 1995); 42. U.S.C. 2000e-5(f)(1) (a person can sue under Title VII only if the EEOC has dismissed the administrative charge, declined to file a civil action, or has not entered into a conciliation agreement to which the person is a party).

8

21, 2010, more than two years later. Accordingly, T&D's motion to dismiss the MHRA claim must be granted.

3. EPA

Briggs has alleged that he was paid less than his Caucasian co-workers because he is African-American. Compl. ¶ 2. Interpreting this as a potential EPA claim, T&D moves to dismiss for failure to state a claim. Mot. to Dismiss 7. T&D argues that the EPA applies only to gender discrimination. *Id.* at 8.[13] Briggs's response does not address the EPA.

The EPA remedies gender-based discrimination only. 29 U.S.C. § 206(d)(1) (prohibiting covered employers from discriminating between employees "on the basis of sex" by paying unequal wages for equal work). Briggs has alleged that he was paid less than his co-workers because of his race, not his gender. Compl. ¶ 2. Thus, if Briggs is asserting an EPA claim, that claim must be dismissed.

4. Title VII

In moving to dismiss Briggs's Title VII discrimination and retaliation claims, T&D argues that Briggs did not allege that T&D is an "employer" subject to Title VII because he did not specifically assert that T&D employs 15 or more employees. Mot.

---

[13] T&D also argues that any EPA claim is too late because Briggs sued more than two years after the last possible unlawful employment practice. Mot. to Dismiss at 8. The Court need not reach this argument because, as will be discussed in this Part, Briggs has failed to state an EPA claim.

9

to Dismiss 11. T&D further moves to dismiss the retaliation claim because Briggs failed to exhaust administrative remedies by not alleging retaliation in his discrimination charge.[14] *Id.* at 8-10.

Briggs asserts that he needs discovery to determine the number of T&D employees.[15] Resp. in Opp'n 3. Without elaboration, Briggs further asserts that his discrimination charge raised the issue of retaliation even though he checked only "race" as the basis for his charge.[16] *Id.* at 2.

a. T&D as a Covered Employer

Title VII prohibits only those employers who have 15 or more employees from discriminating among employees on the basis of race. 42 U.S.C. §§ 2000e, 2000e-2. Thus, a *prima facie* Title VII employment discrimination claim requires the plaintiff to allege that the defendant employer has at least 15 employees. *See Arbabi v. Fred Meyers, Inc.*, 205 F. Supp. 2d 462, 465 (D.

---

[14] T&D also asserts that Briggs has failed to allege a causal connection between his protected activity and T&D's adverse action. Mot. to Dismiss 10-11. Briggs has not opposed this argument. The Court need not reach this assertion; as will be discussed in this Part, Briggs failed to exhaust his administrative remedies under Title VII.

[15] Nonetheless, Briggs's discrimination charge asserts that T&D has between 15 and 100 employees. Discrimination Charge.

[16] Briggs merely "suggests" that the EEOC file--which he still has not received--"will demonstrate [that his] claim was based upon all that [he] alleged[,] including retaliation." Resp. in Opp'n 2.

Md. 2002). In reviewing a motion to dismiss, the Court may consider not only allegations in the complaint but also matters of public record and documents attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Briggs has sufficiently established that T&D has at least 15 employees. Although Briggs's actual complaint does not allege that T&D has at least 15 employees, T&D has attached to its motion Briggs's discrimination charge, which asserts that T&D has "15-100" employees. Discrimination Charge. Neither party has disputed the authenticity of the charge, which is integral to the complaint's administrative history.[17] Thus, Briggs's discrimination charge fulfills the requirement that he allege that T&D has 15 employees or more.[18] T&D's motion to

---

[17] *See Cepada v. Bd. of Educ.*, WDQ-10-0537, 2011 WL 1636405, at *2 n.7 (D. Md. Apr. 28, 2011) (an administrative discrimination charge was integral to the administrative history of a subsequent civil discrimination complaint); *see also Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565 (2d Cir. 2006) (plaintiffs' EEOC filings were integral to the complaint because plaintiffs relied on the filings to satisfy time limit requirements).

[18] Alternatively, this Court could take judicial notice of the discrimination charge as a matter of public record. *See Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802-03 (8th Cir. 2002) (an EEOC charge is part of the public record); *Ndondji v. InterPark Inc.*, 768 F. Supp. 2d 263, 272 (D.D.C. 2011) (same); *Muhammad v. N.Y.C. Transit Auth.*, 450 F. Supp. 2d 198, 204-05 (E.D.N.Y. 2006) (same).

dismiss on this ground will be denied.

b. Exhaustion of Administrative Remedies

Before suing under Title VII, a plaintiff must exhaust his administrative remedies by filing an EEOC charge. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). The charge defines the scope of the subsequent civil suit; the plaintiff's lawsuit can advance only those claims that are "reasonably related to [the] EEOC charge and can be expected to follow from a reasonable administrative investigation." *Id.* When an EEOC charge alleges only discrimination on the basis of race, an administrative investigation of retaliation "cannot reasonably be expected to occur." *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132-33 (4th Cir. 2002). Thus, a plaintiff cannot bring a civil retaliation claim if he neither marked the retaliation box on the EEOC charge nor provided any facts in the charge's statement of particulars that would have led to an administrative investigation of retaliation. *Abdelkader v. Sears, Roebuck & Co.*, --- F. Supp. 2d ---, L-10-511, 2011 WL 219579, at *6 (D. Md. Jan. 20, 2011).

Nothing in Briggs's discrimination charge would have reasonably led to an administrative investigation of retaliation. Briggs marked only "race" as the basis of his discrimination charge. Discrimination Charge. His statement of particulars alleges "harassment, a hostile work environment,

unequal wages, and lay off *because of [Briggs's] race.*" Id. (emphasis added). Although Briggs notes that "Mr. Grims, manager, was aware of the harassment," Discrimination Charge, Briggs does not assert that he complained to Grims or that Briggs was fired in retaliation.[19] Accordingly, Briggs's Title VII retaliation claim must be dismissed.

5. § 1981

In moving to dismiss Briggs's retaliation claim, T&D argues that he did not provide any dates of the alleged actions and thus failed to allege a causal connection between his protected activity (complaining to his supervisor) and T&D's adverse action (firing him). Mot. to Dismiss 11. Briggs has not responded to this argument.

To state a *prima facie* retaliation claim, a plaintiff must show that: (1) he engaged in a protected activity, (2) the defendant acted adversely against him, and (3) the protected activity was causally connected to the adverse action. *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 543 (4th Cir. 2003).

"[L]ittle is required" to establish a causal connection.

---

[19] While Briggs asserts that "the EEOC file will demonstrate [that his] claim was based upon all that . . . [he] alleged[,] including retaliation," he does not assert that the EEOC investigation did, in fact, address retaliation, nor does he explain what in the EEOC file would support his retaliation claim. Resp. in Opp'n 2.

13

*Karpel v. Inova Health Sys. Servs.*, 134 F.3d 1222, 1229 (4th Cir. 1998). Mere closeness in time between a protected activity and an adverse action is sufficient. *Tinsley v. First Nat'l Union Bank*, 155 F.3d 435, 443 (4th Cir. 1998). Thus, a plaintiff states a *prima facie* case merely by asserting that he was fired relatively soon after engaging in a protected activity.[20]

Briggs has established the requisite causal connection. He has alleged that he complained many times to his supervisor about the discrimination against him and T&D ignored him. Compl. ¶ 4. When Briggs complained about this inaction, he was fired. *Id.* ¶ 5. Although Briggs provides no dates in his complaint, his discrimination charge[21] asserts that he was fired

---

[20] *Compare McNairn v. Sullivan*, 929 F.2d 974, 977, 980 (4th Cir. 1991) (inferring a causal connection when appellant established that she filed a discrimination lawsuit and was fired about seven months later), *with Tinsley*, 155 F.3d at 443 (no inference of retaliation when the appellant was fired 14 years after filing a discrimination charge), *and Causey v. Balog*, 162 F.3d 795, 803 (4th Cir. 1998) (a 13-month interval between a discrimination charge and the plaintiff's termination was too long to establish a causal connection).

[21] Unlike Title VII, § 1981 does not require a plaintiff to file an administrative charge before suing. *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 212-13 (4th Cir. 2007). Thus, the fact that the discrimination charge does not mention retaliation does not defeat Briggs's § 1981 claim. Moreover, assertions in the discrimination charge may be considered because the charge is a public record, *see supra* p. 11 n.18, and integral to the Title VII portion of the complaint, *see supra* p. 11 n.17.

within seven months of making his first grievance: A "racially hostile work environment" began about October 1, 2007, and Briggs was fired March 18, 2008.[22] As *McNairn* demonstrates, a seven-month period between a protected activity and an adverse action is short enough to establish a causal connection. See *McNairn*, 929 F.2d at 977, 980. Thus, T&D's motion to dismiss on this ground will be denied.

Accordingly, T&D's motion to dismiss will be granted as to Briggs's § 1983, MHRA, EPA, and Title VII retaliation claims, and denied as to his Title VII race discrimination and § 1981 claims.

III. Conclusion

For the reasons stated above, T&D's motion to dismiss will be granted in part and denied in part.

_____8/23/11_____  
Date

_____  
William D. Quarles, Jr.  
United States District Judge

---

[22] Discrimination Charge. *See also Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (citation and internal quotation marks omitted) (when a dismissal involves a civil rights complaint, the Court must be "especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged").

15